Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org
Legal Aid Services of Oregon
230 N.E. Second Avenue, Ste. A
Hillsboro, OR 97124
Telephone: (503) 648-7163
Facsimile: (503) 648-0513

Shelley Latin, OSB No. 032253
shelley.latin@lasoregon.org
Legal Aid Services of Oregon
P.O. Box 1327
Pendleton, OR 97801
Telephone: (541) 276-6685
Facsimile: (541) 276-4549

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **HILDA BECERRA-GOMEZ,** | Civil No. |
| Plaintiff, | |
| vs. | **COMPLAINT**<br>Employment Discrimination |
| **RLD, LLC,** d.b.a. Flex Force Personnel Services, and<br>**LIEB FOODS, LLC,** | Demand for Jury Trial |
| Defendants. | |

## I. JURISDICTION

1. 42 U.S.C. § 2000e-5(f)(3) grants this Court jurisdiction over actions brought under Title VII.

This Court additionally has original subject matter jurisdiction over this action pursuant to 28

COMPLAINT – Page 1

U.S.C. § 1331, as it arises under the laws of the United States and pursuant to 28 U.S.C. § 1343(a)(4) as it arises under an Act of Congress providing for the protection of civil rights.

2.   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's state law claims, as they are so related to claims within the Court's original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

## II. PARTIES

3.  Plaintiff Hilda Becerra-Gomez is a resident of Washington County, Oregon.

4.  At all relevant times, defendant RLD LLC, d.b.a. Flex Force Personnel Services (hereinafter "Flex Force") was a limited liability company doing business in Washington County, Oregon.

5.  At all relevant times, defendant Flex Force employed at least 15 people and was engaged in an industry affecting commerce.

6.  At all relevant times, defendant Lieb Foods, LLC (hereinafter "Lieb Foods") was a Delaware limited liability company with a principal place of business in Washington County, Oregon.

7.  At all relevant times, defendant Lieb Foods employed at least 15 people and was engaged in an industry affecting commerce.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.  On or about March 28, 2013, plaintiff timely filed charges of discrimination with the federal Equal Opportunity Employment Commission (EEOC). These charges were simultaneously filed with the Oregon Bureau of Labor and Industries (BOLI) pursuant to a work sharing agreement between the two agencies.

9.  On March 28, 2014, BOLI notified plaintiff of her right to file a private civil suit with regard to her claims under ORS 659A.030 (sex discrimination and retaliation) and ORS 659A.199 (whistleblower retaliation). The 90-day period to file a civil suit on these state law claims has been tolled through September 5, 2014 by agreement between plaintiff and Lieb Foods.

COMPLAINT – Page 2

10.  On August 29, 2014, EEOC notified plaintiff of her right to file a private civil suit with regard to her Title VII claims.

11.  On or about February 11, 2014, plaintiff timely filed a charge with BOLI alleging that Flex Force discriminated against her as a victim of domestic violence in violation of ORS 659A.290.

12.  On August 29, 2014, BOLI notified plaintiff of her right to file a private civil suit on her Oregon domestic violence discrimination claim.

## IV. FACTS

13.  Defendants jointly employed plaintiff from approximately 2011 until February 21, 2013.

14.  Plaintiff's immediate supervisor at Lieb Foods was Douglas De Leon.

15.  Plaintiff's supervisor at Flex Force was Dulce Garcia.

16.  While employed by defendants, plaintiff suffered repeated and unwelcome sexual comments, sexual advances, and touching of a sexual nature from Douglas De Leon.

17.  Plaintiff also suffered unwelcome touching of a sexual nature from two different coworkers on separate occasions in approximately August and September 2012.

18.  Douglas De Leon witnessed the incidents of sexual harassment by plaintiff's coworkers in approximately August and September 2012 and laughed at them.

19.  Plaintiff reported the sexual touching by her coworker in September 2012 to Dulce Garcia at Flex Force.

20.  Dulce Garcia dismissed plaintiff's report, and as a result Flex Force took no steps to correct the sexual harassment.

21.  Plaintiff reported the sexual harassment by Douglas De Leon to another supervisor at Lieb Foods, Jenny Smith.

22.  Lieb Foods did not take immediate action to correct the sexual harassment.

23. In approximately November 2012, plaintiff again reported sexual harassment by Douglas De Leon to a different higher-level supervisor at Lieb Foods.

24. Immediately after plaintiff made the second complaint of sexual harassment by Douglas De Leon, defendants did not give plaintiff any work assignments at Lieb Foods or elsewhere for approximately one week.

25. When plaintiff was allowed to return to work at Lieb Foods, her work hours were reduced.

26. On or about February 21, 2013, defendants discharged plaintiff from her employment with Lieb Foods and Flex Force.

27. Plaintiff suffered domestic violence at the hand of her former husband.

28. Flex Force Supervisor Dulce Garcia knew about plaintiff's history of domestic violence.

29. At the time she discharged plaintiff, Dulce Garcia mentioned plaintiff's prior sexual harassment complaint against Douglas De Leon and told plaintiff that Flex Force would not offer plaintiff continued employment because, due to her history of domestic violence, plaintiff mistakenly believed that men were treating her badly, and plaintiff would continue to have problems with sexual harassment.

30. Defendants discharged plaintiff for reporting sexual harassment.

31. Flex Force discharged plaintiff because she was a victim of domestic violence.

32. Defendants' conduct towards plaintiff was malicious and reckless.

33. As a result of defendants' actions, plaintiff has suffered economic loss and emotional distress, including but not limited to lost wages, humiliation, and impairment of her quality of life.

34. Unless the Court grants injunctive relief, plaintiff will continue to suffer injury as a result of defendants' violations of federal and state worker protection statutes because those violations result in substandard employment conditions in the area and discourage plaintiff from seeking future employment with defendants.

## V. CLAIMS FOR RELIEF

**First Claim (against both defendants) – Title VII Sex Discrimination, 42 U.S.C. § 2000e-2:**

35. Paragraphs 1-34 are incorporated by reference.

36. Defendants discriminated against plaintiff on the basis of sex by subjecting her to a hostile work environment in violation of 42 U.S.C. § 2000e-2.

**Second Claim (against both defendants) – Title VII Retaliation, 42 U.S.C. § 2000e-3:**

37. Paragraphs 1-36 are incorporated by reference.

38. Defendants retaliated against plaintiff for engaging in protected activity by, among other things, reducing her hours and discharging her, in violation of 42 U.S.C. § 2000e-3.

**Third Claim (against Lieb Foods) – Oregon Sex Discrimination, ORS 659A.030(1)(a)-(b):**

39. Paragraphs 1-38 are incorporated by reference.

40. Defendant's actions constituted unlawful sex discrimination under ORS 659A.030(1)(a)-(b).

**Fourth Claim (against Lieb Foods) – Oregon Retaliation, ORS 659A.030(1)(f):**

41. Paragraphs 1-40 are incorporated by reference.

42. Defendant's actions constituted unlawful retaliation for having opposed an unlawful practice under ORS 659A.030(1)(f).

**Fifth Claim (against Lieb Foods) – Oregon Whistleblower Discrimination, ORS 659A.199:**

43. Paragraphs 1-42 are incorporated by reference.

44. Defendant discharged, suspended, discriminated and retaliated against plaintiff for reporting sexual harassment, in violation of ORS 659A.199.

45. Plaintiff believed in good faith that the sexual harassment was unlawful.

**Sixth Claim (against Flex Force) – Oregon Domestic Violence Discrimination,**
**ORS 659A.290:**

46.  Paragraphs 1-45 are incorporated by reference.

47.  Defendant Flex Force unlawfully discharged, retaliated against and/or discriminated against plaintiff in violation of ORS 659A.290 by stereotyping plaintiff and making categorical assumptions about plaintiff because she had been a victim of domestic violence.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

1.  On plaintiff's First and Second Claims (Title VII), award judgment against both defendants, jointly and severally for:

a.  Back pay, with prejudgment interest, from the date of her discharge to the date of judgment in this action, in amounts to be determined at trial;

b.  Future lost earnings;

c.  Compensatory damages in amounts to be proved at trial, including but not limited to damages for past and future emotional distress, including but not limited to depression, emotional pain, suffering, loss of enjoyment of life, humiliation, anxiety, grief, and anguish;

d.  Past and future pecuniary losses resulting from the unlawful practices committed by defendants, including past and future out-of-pocket expenses, in amounts to be determined at trial;

e.  Punitive damages in an amount to be determined at trial;

f.  Reinstatement to employment and injunctive relief to enjoin defendants from engaging in unlawful activity described in this complaint;

g.  Costs and reasonable attorney fees, pursuant to 42 U.S.C. § 2000e-5(k).

2. On plaintiff's Third through Fifth Claims (Oregon discrimination, retaliation and whistleblower), award judgment against defendant Lieb Foods for:

      a. Back pay, with prejudgment interest, from the date of her discharge to the date of judgment in this action, in amounts to be determined at trial;

      b. Future lost earnings;

      c. Compensatory damages in amounts to be proved at trial, including but not limited to damages for past and future emotional distress, including but not limited to depression, emotional pain, suffering, loss of enjoyment of life, humiliation, anxiety, grief, and anguish;

      d. Past and future pecuniary losses resulting from the unlawful practices committed by defendants, including past and future out-of-pocket expenses, in amounts to be determined at trial;

      e. Punitive damages in an amount to be determined at trial;

      f. Reinstatement to employment and injunctive relief to enjoin defendant from engaging in unlawful activity described in this complaint;

      g. Costs and reasonable attorney fees, pursuant to ORS 659A.885.

3. On plaintiff's Sixth Claim (domestic violence discrimination under ORS 659A.290), award judgment against defendant Flex Force for:

      a. Back pay, with prejudgment interest, from the date of her discharge to the date of judgment in this action, in amounts to be determined at trial;

      b. Future lost earnings;

      c. Compensatory damages in amounts to be proved at trial, including but not limited to damages for past and future emotional distress, including but not limited to depression,

COMPLAINT – Page 7

emotional pain, suffering, loss of enjoyment of life, humiliation, anxiety, grief, and anguish;

d.  Past and future pecuniary losses resulting from the unlawful practices committed by defendant, including past and future out-of-pocket expenses, in amounts to be determined at trial;

e.  Punitive damages in amounts to be determined at trial;

f.  Reinstatement to employment and injunctive relief to enjoin defendant from engaging in unlawful activity described in this complaint;

g.  Costs and reasonable attorney's fees, pursuant to ORS 659A.885.

4.   Award plaintiff prejudgment and post-judgment interest as allowed by law;

5.   Award plaintiff such other relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as allowed under FRCP 38.

Dated: September 6, 2014.

LEGAL AID SERVICES OF OREGON

 s/Brenda M. Bradley
Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org
Tel: 503-648-7163
Of Attorneys for Plaintiff

COMPLAINT – Page 8